O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LUND, an individual; VICTORIA LUND, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al., <br><br> Defendants. | Case No. CV 13-02776 DDP (VBKx) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFFS' REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY** <br><br> [Dkt. No. 131] |

Presently before the court is Defendant's Motion to Dismiss Plaintiffs' Complaint ("Motion"). Having reviewed the parties' moving papers, the court denies the Motion without prejudice, grants Plaintiffs' request for jurisdictional discovery, and adopts the following Order.

**I.   BACKGROUND**

Plaintiff William Lund alleges that he suffers from mesothelioma as a result of asbestos exposure during his time working for the U.S. Navy from 1958 to 1977. (Complaint ¶ 6.)[1]

---

[1] All references are to the original Complaint. While there is (continued...)

During his time in the Navy, Mr. Lund handled asbestos-containing products. (Compl. ¶ 6.) Mr. Lund alleges that his work with these products occurred on a variety of Navy ships, some of which were in California. (Compl. ¶ 6.) Mr. Lund alleges that he handled gaskets, packing, and millboard containing asbestos provided by Niantic Seal, Inc. ("NSI"), individually and as a successor-in-interest to Niantic Rubber Company and Northeast Rubber Products, Inc. (Compl. ¶ 8.)

NSI moves to dismiss the Complaint against it based on a lack of personal jurisdiction. In response, Plaintiffs seek jurisdictional discovery to determine whether the Defendants have sufficient California contacts.

**II.   LEGAL STANDARD**

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. Pebble Beach Co. v. Caddy, F.3d 1151, 1154 (9th Cir. 2006). To demonstrate a court's jurisdiction over a defendant, a plaintiff must show that personal jurisdiction is (1) permitted under the applicable state's long-arm statute and that (2) the exercise of jurisdiction does not violate federal due process. Id. California's long-arm statute allows personal jurisdiction on any basis not inconsistent with the Constitution. Cal. Code. Civ. Pro. § 410.10.

---

[1](...continued)
a First Amended Complaint, it was never filed in state court because the complaint was amended via Order. (Docket No. 1.) The amendment changed defendant Elementis Chemicals, Inc., f/k/a Harcross Chemical, Inc., to Elementis Chemicals, Inc., f/k/a Harcross Chemical, Inc., individually and as a successor in interest to Harrisons & Crossfield (Pacific) Inc.

A federal district court may exercise either general or specific jurisdiction over a non-forum defendant. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). Demonstrations of general or specific jurisdiction require that the plaintiff make a prima facie showing of jurisdictional facts, facts that if taken as true would support jurisdiction and withstand the motion to dismiss. Id.

Any disputed facts for the purposes of the motion to dismiss are construed in favor of the plaintiff. Id. However, a court may permit discovery to help determine whether it has personal jurisdiction, especially in circumstances where pertinent facts are controverted. Data Disc, Inc., v. Systems Tech. Assoc. Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977).

**III. DISCUSSION**

    **A.    Personal Jurisdiction**

The standard for establishing general jurisdiction requires that the defendant have sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1124 (9th Cir. 2002)(citing Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). Factors taken into account when analyzing general jurisdiction include whether the defendant "makes sales, solicits, or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft, 223 F.3d at 1086. Even with many of these factors present, courts have found general jurisdiction lacking. See, e.g., Helicopteros, 466 U.S. at 408

3

(holding that a Colombian corporation was not subject to general jurisdiction in Texas even though the company negotiated a deal, purchased helicopter parts, trained pilots, and had bank accounts in Texas).

More often, a court can exercise specific jurisdiction over a nonforum defendant if the defendant's contacts with the state are the basis of the present claim. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801-02 (9th Cir. 2004). Under Ninth Circuit law, a court may exercise specific jurisdiction over a nonresident defendant when: (1) a defendant purposefully directs her activities or consummates some transaction with the forum or resident thereof, or performs some act by which she purposefully avails herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantive justice, i.e. it must be reasonable. <u>Id.</u>

Defendant NSI alleges that it is not incorporated in California; does not have its principal place of business here; and does not have employees, branches, bank accounts, or even any officers domiciled here. (See Declaration of Edmund M. Mauro III ("Mauro Decl.").) Nowhere do the Plaintiffs allege specific facts that would grant this Court the ability to exercise jurisdiction over the Defendant. Normally, Plaintiffs' failure to do so would be sufficient to dismiss the claim for lack of personal jurisdiction; however, the Plaintiffs point out inconsistencies

between Mr. Mauro's testimony and NSI's website giving this Court reason to grant jurisdictional discovery.

**B.   Jurisdictional Discovery**

A court may grant jurisdictional discovery when "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Borschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).  That is, if more facts are needed to determine jurisdiction, a granting of jurisdictional discovery is proper.  Laub v. U.S. Dep't of the Interior, 343 F.3d 1080, 1093 (9th Cir. 2003).

Here, Plaintiffs ask the court to allow discovery based on factual inconsistencies between Mr. Mauro's testimony and NSI's website.  First, Mr. Mauro claimed that NSI does not have a relationship with Northeast Rubber Products Inc.  However, NSI's website advertises Northeast Rubber Products, Inc. as a division of NSI.  (See Mauro Decl. ¶ 11; http://www.inscogroup.com/niantic-seal/about-niantic-seal/default.html, Exhibit "B" to the Declaration of Tiffany S. Woods.)  Second, Mr. Mauro claimed that NSI was created in 2006 and did not exist in the 1950s-1970s; however, NSI's website claims it has been providing services "[f]or over 47 years", meaning that NSI, or one of its predecessors, could have been the company responsible for producing the asbestos-containing products that William Lund encountered between 1958 and 1977.  (See Mauro Decl. ¶ 11; http://www.inscogroup.com/niantic-seal/products/default.html, Exhibit "A" to the Declaration of Tiffany S. Woods.)  In addition, the Plaintiffs point to Mr. Mauro's silence in his affidavit about NSI's subsidiaries',

including Niantic Rubber Company and Northeast Rubber Products, Inc., connections to California.

The inconsistencies support a finding that more facts are needed to determine jurisdiction, especially in light of the absence of any discussion regarding NSI as a successor-in-interest to Niantic Rubber Company and Northeast Rubber Products, Inc. In addition to clarifying NSI's relationship with California, jurisdictional discovery may also shed light on two issues:(1) whether NSI is a successor-in-interest or parent company to either Niantic Rubber Company or Northeast Rubber Products, Inc. and (2) whether Niantic Rubber Company or Northeast Rubber Products, Inc. have sufficient California contacts that, if able to be imputed to NSI, would allow this court to exercise personal jurisdiction over NSI. Williams v. Bowman Livestock Equip. Co., 927 F. 2d 1128, 1132 (10th Cir. 1991).

Therefore the court finds that 90 days of discovery related to this court's exercise of personal jurisdiction over NSI[2], Northeast Rubber Products, Inc., and Niantic Rubber Company is appropriate.

**IV. CONCLUSION**

For the above reasons, Defendant Niantic Seal, Inc.'s motion to dismiss is DENIED, without prejudice. The court grants Plaintiffs William and Victoria Lund 90 days from the date of this order to conduct jurisdictional discovery. Should Niantic Seal, Inc. continue to challenge personal jurisdiction on its own behalf

---

[2]Although NSI appears to have brought this motion on behalf of itself and not as a successor-in-interest, the motion raises sufficient questions about the three companies that the court finds it appropriate to grant jurisdictional discovery with respect to all three.

6

and/or as a successor-in-interest to either Niantic Rubber Company and Northeast Rubber Products, Inc., it shall renew its motion to dismiss within two weeks of the conclusion of the jurisdictional discovery period.

IT IS SO ORDERED.

Dated: July 3, 2013

DEAN D. PREGERSON
United States District Judge

7