*December 4, 2014,*
*As ordered as amended*
*William G. Young*
*District Judge*

Edward R. Hugo [Bar No. 124839]
P. M. Bessette [Bar No. 127588]
Stephanie L. Smith [Bar No. 169337]
HUGO PARKER, LLP
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: service@bhplaw.com

Attorneys for Defendants
GENERAL DYNAMICS CORPORATION AND ELECTRIC BOAT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA LUND, individually and as successor in interest to WILLIAM LUND, deceased; and DAVID LUND, an individual; SHEILA LUND, an individual, as legal heirs of WILLIAM LUND, Deceased.<br><br>Plaintiffs,<br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | C.D. CA No. 2:13-cv-02776-WGY-VBK<br><br>Assigned for All Purposes to the Honorable William G. Young<br><br>STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS<br><br>Final Status Conference: March 2015<br>Third Amended Complaint Filed: May 7, 2014<br>Trial Date: None |

A.   **PURPOSE AND LIMITATIONS**

[G1 (Defendant proposes) - Discovery in the above referenced litigation is likely to]

[G2 (Plaintiff proposes) - Certain Defendants allege discovery in the above referenced litigation may]  *w/d*

   [G1 or G2] involve the production and exchange of materials subject to United States export control laws including, but not limited to, the Arms Export Control Act, 22 USCA §§ 2278, et seq. ("AECA"), the International Traffic in Arms Regulations ("ITAR"), 22 CFR parts 120-130, and the International Emergency Economic Powers Act ("IEEPA"), 50 USCA §§ 1701, et seq., as the implementing legislation for the Export Administration Regulations

HUGO PARKER, LLP
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

1 ("EAR"), 15 CFR parts 730-774. Accordingly, the parties hereby stipulate and agree to abide
2 by the terms of this Stipulated Protective Order for the Protection of Materials Subject to
3 United States Export Control Laws and Regulations ("Stipulated Protective Order") to
4 protect from public disclosure and from use for any purpose other than that noted in
5 paragraph A(1) below. This Stipulated Protective Order protects from public disclosure and
6 use only that material which is subject to protected treatment under the applicable laws and
7 regulations articulated above.

8     **1.**    **Limited Scope:**

9 [G3 (Defendant proposes) –The parties agree that Plaintiffs and Plaintiffs' counsel seek,
10 subject to the protections of this Stipulated Protective Order,]
11 [G4 – (Plaintiff proposes) Certain Defendants allege. . .]
12     [G3 or G4] technical data subject to the AECA, the ITAR and potentially the IEEPA
13 and the EAR ("controlled technical data") [will be produced – plaintiff proposes, defendant
14 disputes] in connection with this litigation. Defendants and Defendants' counsel seek to
15 produce this controlled technical data to defend claims made against them. Plaintiffs seek
16 these documents to investigate and prosecute claims [in this matter only – defendant
17 proposes, plaintiff disputes].

18     **2.**    **Definitions**

19     a.    Counsel: Outside counsel of record.
20     b.    Designating Party: Party or non-party that designates materials or
21 information that it produces in disclosure or in responses to discovery as "Export
22 Controlled Materials."
23     c.    Discovery Material: All material or information, regardless of the
24 medium or manner in which it is generated, stored or maintained (including, but not
25 limited to, testimony, transcripts, tangible items, electronic storage media, thumb drives,
26 flash drives) that is produced or generated in disclosures, as part of motions or in discovery
27 for this matter.
28     d.    Material Subject to United States Export Control Laws: Any material

HUGO PARKER, LLP
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2
STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

(whether tangible or intangible (i.e., in electronic form of any kind)) subject to United States export control laws and regulations, including but not limited to, the ITAR and the EAR.

  e. Non-Party: Any natural person, partnership, corporation, association or other legal entity not named as a Party to this litigation.

  f. Outside Counsel of Record: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

  g. Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts and counsel (and their support staffs).

  h. Producing Party: A Party or Non-Party that produces Disclosures of Discovery Material in this litigation.

  i. Protected Material: Any Discovery Material that is designated as "Material Subject to Export Control Laws." Protected [sic]

  j. Marking: Protected Material shall be designated as such by the Designating Party through marking of each individual page of any Protected Material or through other declared or visible designation sufficient to place the Receiving Party on notice that the material has been designated as "Material Subject to Export Control Laws." Any Protected Material which is subject to marking shall be marked with a legend that states:

> "Subject to United States Export Control Laws, including the International Traffic in Arms Regulations, 22 CFR parts 120-130 and/or the Export Administration Regulations, 15 CFR parts 730-774. This Protected Material may not be disseminated, shared, transferred or otherwise provided to any Party not authorized under the terms of the Stipulated Protective Order and applicable United States export laws noted above."

  k. Receiving Party: A Party that receives Discovery Material from a Producing Party.

**3. Protections**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above) but also (a) any information copied or extracted from

HUGO PARKER, LLP
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

1  Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected
2  Material; and (c) any testimony, conversation, or presentation, in any form, by Parties or
3  their Counsel that might reveal to any Foreign Person not authorized to possess, in any
4  manner, Protected Material. The protections conferred by this Stipulated Protective Order,
5  however, do not cover information in the public domain as defined in ITAR § 120.11.
6  Information retrieved from the Internet or government sources, unless specifically
7  identified in ITAR § 120.11, does not qualify as "public domain," and remains subject to the
8  protections of this Stipulated Protective Order.

9                  **B.    DURATION**

10     Even after final disposition of this litigation, the obligations imposed by this
11 Stipulated Protective Order as they relate to Protected Materials remain in effect [G7 or G8]
12 [G7 (Defendant proposes) - until the Designating Party or counsel for Designating Party
13 agrees otherwise in writing, or the cognizant Government agency with responsibility for
14 implementing the ITAR and/or the EAR releases the Protected Materials from export
15 control obligations or by court order subject to the requirements of the ITAR and/or the
16 EAR.]
17 [G8 (Plaintiff proposes), unless modified by court order.] *w/my*

18                 **C.    DESIGNATING PROTECTING MATERIAL**

19     Protected Material shall be designated with care and with an eye towards limiting
20 such designation to those Protected Materials that qualify as subject to United States export
21 control laws and regulations. Mass, indiscriminate and generic designations will not extend
22 protections to materials identified in this manner.
23     Protected Materials shall be designated as protected and subject to this Stipulated
24 Protective Order before the material is disclosed or produced. Protected Materials shall be
25 designated and marked by the Producing Party, and those markings shall be maintained
26 without alteration by the Receiving Party, in the following manner:
27     1.    Documentary Information This includes paper or electronic documents, but
28 excludes transcripts of depositions or other pre-trial proceedings which shall be marked as

Hugo Parker, LLP
135 Main Street
20th Floor
San Francisco, CA 94105

4

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

1  identified in paragraphs C(2) and/or C(3) below. Documentary information also includes
2  any compiled, derived, extracted or excerpted information drawn from Protected Material.
3  Such compiled, derived, extracted or excerpted information drawn from Protected Material
4  shall retain the Producing Party's export control markings. A failure by the Receiving Party
5  to maintain the Producing Party's export control markings constitutes a breach of this
6  Stipulated Protective Order.
7      2.     Testimony given in deposition and included as part of any motion or
8  Documentary Information: Any testimony given in deposition and included as part of any
9  motion or Documentary Information shall be treated the same as Documentary Information
10 and marked as noted in paragraph C(1) above.
11     3.     Protected Information produced in some form other than Documentary
12 Information and for any tangible items to include, but not be limited to, flash drives, thumb
13 drives or actual products subject to the ITAR: The Producing Party shall affix in a
14 prominent place on the exterior of any containers (e.g., thumb drives, CD-ROMs, DVDs,
15 flash drives, discs) in which the Protected Material is stored the legend identified in
16 paragraph A(2)(i) above. The containers and the Protected Material contained in those
17 containers may not be duplicated, copied, shared or otherwise transferred without
18 maintaining the affixed legend identifying the Protected Material as subject to United States
19 export laws.
20     **D.     CHALLENGING EXPORT CONTROL DESIGNATIONS**
21 [G9 (Defendant proposes) - The protection of national security and compliance with the
22 United States export laws identified in this Stipulated Protective Order do not permit the
23 Producing Party's designation of materials as Protected Material to be challenged.
24 [G10 (Plaintiff proposes) - In the event counsel for a Receiving Party receives discovery
25 designated as Protected Material but disagrees such designation is appropriate and objects
26 to such designation, said counsel shall advise counsel for the Designating Party, in writing,
27 of such objections. Counsel for the Designating Party shall have ten (10) days from receipt
28 of the written objections to either (a) agree in writing to de-designate the discovery and/or

HUGO PARKER, LLP
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

1  (b) file a motion with the Court for protective order to designate the discovery
2  appropriately. The Designating Party shall have the burden on any motion of establishing
3  the protected nature of the documents and the resulting treatment as such. In the event the
4  designation objections are not timely addressed, the discovery shall be de-designated as
5  Protected Material.

6      Inappropriate designation of information as Protected Material or overmarking of
7  Protected Material may be considered an abuse of the Designation Process and may be
8  addressed by the Court for a determination whether evidentiary and/or monetary sanctions
9  may apply. Disagreement between the parties as to whether material is properly
10 designated as Protected Material does not constitute an abuse of the Designation Process.

11              **E.    EXPORT CONTROL REQUIREMENTS**

12      1.    The Receiving Party acknowledges that the Protected Material received under
13 this Stipulated Protective Order contains materials that the Designating Party has
14 designated as being Materials Subject to United States Export Control Laws as identified in
15 paragraph A above. The Receiving Party may only use the Protected Material disclosed or
16 produced by another Party or Non-Party solely in connection with litigation and only for
17 purposes of pursuing, defending and/or attempting to settle litigation. The Protected
18 Material may not be used in any manner for any other [G11 or G12]
19 [G11 (Defendant proposes) - proceeding, whether judicial, administrative or arbitrative
20 without prior consultation with and approval by the Producing Party.]
21 [G12 (Plaintiff proposes) - purpose.]
22      2.    The Receiving Party acknowledges that technical data as defined in ITAR §
23 120.10 may not be exported, disclosed, shared, transferred, reexported, forwarded or
24 otherwise transmitted as defined in ITAR § 120.17 to any foreign person, as defined in
25 ITAR § 120.16 (whether in the United States or abroad) or in any manner (including, but not
26 limited to, through release into the public record of any court or litigation proceeding). The
27 Receiving Party further acknowledges that technical data as defined in Export
28 Administration Regulations ("EAR"), 15 CFR Part 774 and as included on the Commerce

Hugo Parker, LLP
135 Main Street
20th Floor
San Francisco, CA 94105

6

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

1  Control List in 15 CFR part 772 may not be exported, reexported, transferred or transmitted
2  to any foreign person, whether in the United States or abroad without appropriate
3  authorizations from the cognizant US Government agencies.
4       3.      The Producing Party shall be responsible for identifying all Protected Material
5  prior to its transfer or production to the Receiving Party.
6       4.      The Receiving Party agrees to maintain adequate controls to prevent any
7  foreign person (or any person acting on behalf of a foreign person), whether in the United
8  States or abroad, from accessing the Producing Party's Protected Material which include
9  Materials Subject to United States Export Control Laws. [Unauthorized release will be
10 considered a breach of this Stipulated Protective Order and may be a violation of the ITAR
11 and/or the EAR – defendant proposes, Plaintiff disputes.] Adequate controls may include,
12 but are not limited to:
13      a.      Secure documentary storage -i.e., Protected Material must be stored
14 and maintained by the Receiving Party at a location and in a secure manner that ensures
15 that access is limited solely to the persons authorized under [G14 or G15]
16 [G14 (Plaintiff proposes) section E of this Stipulated Protective Order
17 [G15 (Defendant proposes) – this Stipulated Protective Order defined as any person who
18 executes the acknowledgement and agreement to be bound by the Stipulated Protective
19 Order and who is authorized by any export approval required by the department of State
20 and/or Commerce, as needed;]
21      b.      Password, encryption and related protections for any computer storage
22 of Protected Material;
23      c.      Retention of any legends that reflect Material Subject to United States
24 Export Control Laws; and
25      d.      Marking, as noted in paragraph A(2)(i) of any information derived,
26 complied, extracted or excerpted from any Protected Material.
27      The controls noted above do not reflect all the controls that may be needed to
28 maintain the security of the Protected Material released by the Producing Party and each

Hugo Parker,
LLP
135 Main Street
20th Floor
San Francisco, CA 94105

7

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED
STATES EXPORT CONTROL LAWS AND REGULATIONS

1  Party is responsible for ensuring that all necessary steps as reflected in this Stipulated
2  Protective Order are taken to avoid the unauthorized access to inadvertent disclosure of
3  Protected Materials.
4      F.    **UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION**
5      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
6  Protected Material to any person or in any circumstance not authorized under this
7  Stipulated Protective Order, the Receiving Party must immediately:
8      1.    Notify, in writing, the Producing Party (and the Designating Party if different
9  from the Producing Party) of the unauthorized disclosures;
10     2.    Use its best efforts to retrieve all unauthorized copies (in whatever form -
11 whether documentary or electronic) of the Protected Material;
12     3.    Inform the person or persons to whom the unauthorized disclosures were
13 made of all the terms of this Stipulated Protective Order; and;
14     4.    Request such person or persons not to use any of the Protected Material until
15 the Producing Party has been consulted, a determination made whether the person or
16 persons to whom the unauthorized disclosure occurred may legitimately execute the
17 Acknowledgement and Agreement to be Bound by the Terms of the Stipulated Protective
18 Order ("Acknowledgment and Agreement"), and the
19 Acknowledgement and Agreement has been executed by the person or persons to whom
20 the unauthorized disclosures were made.
21     [In addition, such unauthorized disclosure may, at the discretion of the Producing
22 party, be disclosed as a violation of the relevant United States export laws to the cognizant
23 US Government agency with responsibility for administering the export laws and
24 regulations. – Defendant proposes, Plaintiff disputes.]



HUGO PARKER, LLP
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____, of_____, declare under penalty of perjury that I am a citizen or national of the United States or a lawful permanent resident of the United States. I further declare that I have read in its entirety and understand the Stipulated Protective Order that issued in the case of _____.

I agree to comply with and be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose, in any manner, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

ACKNOWLEDGED AND AGREED

_____
PRINTED NAME

_____
SIGNATURE

_____
DATE

_____

Hugo Parker, LLP
135 Main Street
20th Floor
San Francisco, CA 94105

9

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF MATERIALS SUBJECT TO UNITED STATES EXPORT CONTROL LAWS AND REGULATIONS