UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA LUND, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WILLIAM LUND deceased; DAVID LUND, an individual; and SHEILA LUND, an individual, as legal heirs of WILLIAM LUND, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>3M Co. et al.,<br><br>Defendants. | Case No. 2:13-cv-02776-WGY<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING ORDER ON MOTION IN LIMINE TO EXCLUDE, ECF NO. 779, AND GRANTING CRANE CO.'S RENEWED MOTION FOR SUMMARY JUDGMENT, ECF NO. 790. |

YOUNG, D.J.[1]                                         July 21, 2015

### ORDER

On March 25, 2015, this Court held a motion hearing on defendant Crane Co.'s motion for summary judgment. Mins. Mot. Hr,, ECF No. 757. Noting that a Daubert motion to exclude the testimony of the plaintiffs' experts was still pending, the Court denied Crane Co.'s motion without prejudice, stating that Crane Co. would win summary judgment if the Daubert motion were later granted. Mot. Hr. Tr. 17:1-11, ECF No. 758. The Court

---

[1] Of the United States District Court for the District of Massachusetts, visiting judge for pre-trial purposes by order of Chief Judge George H. King. Order Chief Judge, May 1, 2014, ECF No. 431.

1

ultimately ruled in Crane Co.'s favor on the Daubert motion on April 7, 2015, excluding the testimony of the plaintiffs' experts that "each and every exposure" above background level was insufficient as matter of law. Order, ECF No. 764. In the wake of this order, Crane Co. has renewed its motion for summary judgment on causation grounds, while the plaintiffs have moved for reconsideration or clarification of the Daubert order. Def. Crane Co.'s Notice Mot. & Renewed Mot. Summ. J. Re: Causation, ECF No. 790; Mot. Clarification This Ct.'s Limine Order Barring Pls.' Experts Testifying That "Every Exposure" Asbestos Contributed Disease Risk & Mem. Pts. & Auths. ("Daubert Mot. Recons."), ECF No. 779.

   The plaintiffs advance a myriad of arguments against Crane Co.'s renewed motion – for example, that the motion misconstrues the experts' opinions, that the standard they employ meets California's causation requirements, and that their non-expert evidence also proves causation – but all of these points are simply new iterations of arguments made in prior briefing relevant to Crane Co.'s Daubert motion and the original motion for summary judgment. Compare Pls.' Opp'n Crane Co.'s Renewed Mot. Summ. J. & Mem. Law Opp'n Crane Co.'s Renewed Mot. Summ. J. Re: Causation, ECF No. 803, with Pls.' Opp'n Crane Co.'s Mot. Summ. J. & Mem. Law Opp'n Crane Co.'s Mot. Summ. J., ECF No. 682, and Pls.' Omnibus Opp'n Defs.' Mot. Limine Preclude Pl.'s

Experts From Testifying That Def.'s Prod. Was Substantial Factor Causing Decedent's Injury, ECF No. 723.  Moreover, many of the arguments are substantially identical to those advanced by the Plaintiffs' parallel motion seeking reconsideration of the Court's earlier Daubert ruling barring their experts' testimony.  See Daubert Mot. Recons.

The Court's two chief statements relevant to the prior motion – that the experts' testimony was inadmissible and that Crane Co. would be entitled to summary judgment if it prevailed on its Daubert motion – were both based on a careful consideration of the record and of the briefing from both sides.  The plaintiffs' attempt to revivify previously rejected arguments does nothing to persuade the Court to depart from its earlier statements and rulings.  Accordingly, the Court DENIES the plaintiffs' motion for clarification or reconsideration of the Daubert ruling, ECF No. 779, and GRANTS Crane Co.'s renewed motion for summary judgment, ECF No. 790.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
U.S. DISTRICT JUDGE