O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTORIA LUND, individually and as successor-in-interest to WILLIAM LUND, deceased; DAVID LUND, an individual; and SHEILA LUND, an individual, as legal heirs of WILLIAM LUND, Deceased,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 13-02776 DDP (VBKx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TERMINATING SANCTIONS**<br><br>[Dkt. 867] |

　　Presently before the court is Plaintiffs Victoria Lund, individually and as successor-in-interest to William Lund, deceased, David Lund, and Shelia Lund's Motion for Terminating Sanctions Against Defendant General Dynamics Corporation. (Dkt. 867.) Having reviewed the parties arguments, the court GRANTS the Motion in part and adopts the following Order.

**I. BACKGROUND**

The court assumes the parties' familiarity with the general background of this case, which has been set forth more fully in previous Orders. (See Dkts. 845, 864.) Briefly, this action arises out of the injuries and eventual death of William Lund, allegedly in connection with his employment as a Navy machinist mate responsible for servicing ships containing asbestos. (See Compl.) According to Plaintiffs, at least some of Mr. Lund's exposure to asbestos took place while working on Navy warships serviced at the shipyards of Defendant General Dynamics and its former division Electric Boat. (Id.) This particular motion relates to Plaintiffs' attempts to depose a Rule 30(b)(6) corporate representative from Defendant General Dynamics.

In discovery responses, General Dynamics has represented that what is now Electric Boat Corporation operated as a division of General Dynamics from 1952 to 1995. (Exhibit A, attached to General Dynamics Mot. Summ. J., at 1.) In 1995, the former Electric Boat division registered as a separate corporate entity, the Electric Boat Corporation, and assumed all the assets and liabilities of the former division. (Id.) As Mr. Lund's injuries arose prior to 1995, Plaintiffs sought to depose a 30(b)(6) from both Defendant Electric Boat Corporation and Defendant General Dynamics. As to the latter party, Plaintiffs were particularly concerned with understanding the specific activities of General Dynamics during the time period at issue and the relationship between the company and its former division. (Mot. Terminating Sanctions 2-3.)

Plaintiffs first noticed the deposition of General Dynamics' 30(b)(6) representative in August 2014. (Ex. B, attached to Decl. Tyler Stock in Support of Mot. Terminating Sanctions) According to

2

the notice, Plaintiffs sought testimony and documents regarding, among other things, General Dynamics' corporate structure. (Id.) Defendants objected to this notice and failed to appear for the depositions. (Id; Mot. Terminating Sanctions 4.) On October 1, 2014, Plaintiffs filed a Motion to Compel Defendant General Dynamics' 30(b)(6) witness. (Dkt. 516.) On December 19, 2014, the district court judge handling this case for pre-trial purposes issued an order that "[t]he deposition of an appropriate Rule 30(b)(6) witness shall be taken within 30 day of the date of this order." (Dkt. 580.) The parties then engaged in negotiations regarding the terms of the deposition, which ultimately led to Plaintiffs filing a Motion for Evidentiary and Monetary Sanctions against Defendant General Dynamics. (Dkt. 590.)

On February 27, 2015, the court issued another order requiring that "defendants General Dynamics and Electric Boat shall produce their 30(b)(6) witnesses within 30 days of the date of this order or be deemed liable in this action." (Dkt. 693.) In response to that Order, Defendant General Dynamics wrote to Plaintiffs' counsel on March 5, 2015, stating: "Pursuant to the Court's order, we will produce Mr. Bradford Heil for deposition on March 27, 2015 at 9:00 a.m. EST at the Mystic Marriott Hotel in Groton, CT." (Ex. E., attached to Stock Decl.) Plaintiffs agreed to the deposition.

As noted in General Dynamics March 5 letter, and confirmed in subsequent representations to the court, Mr. Heil was being offered as the 30(b)(6) corporate representative for both General Dynamics and Electric Boat Corporation. (Ex E; Dkt. 767 at 1 ("Mr. Heil was appearing on behalf of General Dynamics as well as Electric Boat Corporation . . . .").) Because Mr. Heil was produced on behalf of

3

two separate corporate entities, Plaintiffs' counsel bifurcated questioning and first questioned Mr. Heil as "General Dynamics' person most qualified under 30(b)(6)." (Ex. G (Deposition of Mr. Bradford Heil), attached to Stock Decl. at 181:13-15.) Plaintiffs' counsel opened by asking Mr. Heil whether he understood that he had "been designated and identified as defendant, General Dynamics Corporation's person most qualified under Rule 30(b)(6) in this case." (Heil Depo. at 183:14-17.) Defendants' counsel objected and clarified that he was "being produced as a witness for the former Electric Boat Division of General Dynamics." (Id. at 183:18-20.) Despite numerous alternative formulations of the question, Defendants' counsel refused to concede that Mr. Heil was being produced to testify as General Dynamics corporate representative or allow Mr. Heil to testify to that fact. (Id. at 197:20-198:2 ("We are producing Mr. Heil as a representative of Electric Boat, former division of General Dynamics and Electric Boat Corporation. To the extent that you believe you are entitled to a separate deposition of General Dynamics, I'm not agreeing that you are, but . . . it will have to be addressed with the Court.").) Plaintiffs' counsel ultimately suspended the deposition as to General Dynamics and instead proceeded to depose Mr. Heil as Electric Boat Corporation's 30(b)(6) representative. This time, Mr. Heil acknowledged that he was designated to testify on behalf of Electric Boat Corporation. (Ex. L, attached to Stock Decl. at 258:2-5.)

Plaintiffs subsequently filed a Motion for Terminating Sanctions against Defendant General Dynamics for failure to produce a 30(b)(6) witness on April 6, 2015. (Dkt. 761.) Defendant General Dynamics responded to the motion by explaining that the failure of

4

counsel to simply concede that Mr. Heil was being produced as General Dynamics 30(b)(6) witness was an "error" that arose from a "misunderstanding . . . over semantics." (Id. at 2.) General Dynamics also offered to make the totality of Mr. Heil's remaining March 27, 2015 testimony binding on General Dynamics and to make Mr. Heil available to Plaintiffs' for a new deposition within ten days of hearing the termination motion. (Id.)

On March 1, 2016, the court issued an order denying Plaintiffs' Motion for Terminating Sanctions. (Dkt. 829.) On July 5, 2016, Plaintiffs sent a letter to General Dynamics requesting a new date to depose General Dynamics corporate representative. Defendant General Dynamics' responded that it would no longer agree to make Mr. Heil available for a new deposition. (Ex. K, attached to Stock Decl.) Plaintiffs have now filed a new motion for terminating sanctions for Defendant General Dynamics' failure to produce a 30(b)(6) corporate representative.

**II. LEGAL STANDARD**

Where a party fails to appear for his properly noticed deposition, Federal Rule of Civil Procedure 37(b) authorizes sanctions.  Fed. R. Civ. P. 37(d). Those sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Id. 37(d)(3). Rule 37(b)(2)(A)(i)-(vi) authorizes sanctions directing certain facts be established, prohibiting a party from supporting or opposing certain claims or defenses, striking pleadings, staying further proceedings until the party complies, rendering default judgment against the disobedient party, or "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Additionally, "[i]nstead of or in addition to these

5

sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Id. 37(b)(2)(C).

### III. DISCUSSION

Based on Defendant General Dynamics' repeated failure to make available a 30(b)(6) corporate representative, Plaintiffs seek terminating sanctions. Defendant General Dynamics responds that sanctions are not merited in the present case. First, Defendant notes that Plaintiffs have already raised this precise issue in their prior motion for terminating sanctions. (Opp'n Mot. Terminating Sanctions 10-11.) Because that motion was denied, Defendant argues that Plaintiffs should not be allowed relitigate their claims here. (Id.) Defendant also notes that it has acted in good faith to comply with all relevant discovery requirements, including offering to make Mr. Heil's testimony binding on General Dynamics. (Id. at 2, 14.) Defendant further explains that, in its opposition to the prior sanctions motion, Defendant had offered to make Mr. Heil available for a second deposition within ten days of any hearing on that motion. In Defendant's view, the fact that Plaintiffs did not take up this offer and instead waited for more than a year to raise this deposition issue counsels against affording relief now. (Id. at 4.)

Having reviewed the record evidence and the procedural history of this deposition dispute, the court concludes that sanctions are warranted. Plaintiffs have attempted on numerous occasions to depose a 30(b)(6) representative from General Dynamics who is

1 qualified to testify about the company's activities and its
2 relationship with its former Electric Boat division. These issues
3 are within the scope of this litigation and pertain to Plaintiffs'
4 theory of liability. Despite numerous court orders directing
5 Defendants to produce a 30(b)(6) witness, Plaintiffs have yet to be
6 able to depose a General Dynamics corporate representative.
7 　　　　Defendant cannot cure that failure by offering to make Mr.
8 Heil's testimony as Electric Boat Corporation's 30(b)(6) witness
9 binding on General Dynamics after the fact. Plaintiffs' deposition
10 of Mr. Heil proceeded, understandably, on the assumption that he
11 would only testify in his capacity as Electric Boat Corporation's
12 representative. It would prejudice Plaintiffs to equate that with
13 an opportunity to depose General Dynamics' corporate
14 representative. Likewise, the fact that Plaintiffs did not take up
15 Defendant's offer to re-depose Mr. Heil is also inapposite. As an
16 initial matter, Defendant offered to make Mr. Heil available within
17 ten days of any hearing on the prior terminating sanctions motion–a
18 motion that never had a hearing because it was taken under
19 submission by the court. Moreover, the offer only came after
20 Plaintiffs had filed a sanctions motion. Under these circumstances,
21 Plaintiffs were entitled to wait until a court ruling on their
22 motion before deciding whether to attempt to conduct any further
23 deposition.
24 　　　　While the court recognizes that a previous Order denied a
25 nearly identical motion, that ruling was presumably issued on the
26 assumption that, as Defendants represented in their previous
27 filings, the failure to offer a 30(b)(6) witness was a mistake and
28 Plaintiffs would eventually have an opportunity to properly depose

7

General Dynamics' corporate representative. Having not been afforded that opportunity, the court now finds that sanctions are merited. See <u>Great American Ins. Co. of New York v. Vegas Const. Co. Inc.</u>, 251 F.R.D. 534, 540-41 (D. Nev. 2008) (holding that plaintiffs are "entitled to the knowledge of the corporation and the corporation's position on matters clearly relevant and discoverable in this case" and noting the duty defendants have "to present a Rule 30(b)(6) witness to . . . address the noticed topics, provide the corporation's position, and provide answers to bind the corporation").

Given that sanctions are merited, the only question is whether terminating sanctions are justified. Dismissal "is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." <u>In re Exxon Valdez</u>, 102 F.3d 429, 432 (9th Cir. 1996)(internal quotation marks omitted). To establish that a party's conduct rises to the level of willfulness, bad faith, or fault, "all that is required" is "disobedient conduct not shown to be outside the control of the litigant." <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 948 (9th Cir. 1993) (quoting <u>Fjelstad v. Am. Honda Motor Co., Inc.</u>, 762 F.2d 1334, 1341 (9th Cir. 1985))(internal quotation marks omitted). Even where a party's failure to comply is willful, in determining whether the circumstances warrant dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Id.</u> at 433. The first and

second factors almost always weigh in favor of dismissal, while the fourth factor almost always weighs against it. See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

Here, the court concludes that dismissal is not warranted and lesser sanctions would adequately remedy the prejudice suffered by Plaintiffs. Accordingly, the court orders Defendant General Dynamics to make either Mr. Heil or another appropriate 30(b)(6) corporate representative available for deposition within fourteen days of the date of this Order. The deposition shall take place at a location of Plaintiffs' choosing. Further the parties are reminded of their obligation not to make bad faith objections that would impede the orderly taking of the deposition. Given that this court has already issued two other orders requiring General Dynamics to produce a 30(b)(6) representative, willful failure to comply with this Order shall result in a finding of liability in this action against Defendant General Dynamics and may also lead to a contempt proceeding. See Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir. 1985) (collecting cases where the Ninth Circuit has affirmed "a sanction as severe as dismissal for failure to comply with discovery orders").

Additionally, Rule 37(b)(2)(C) authorizes the court to order the "disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Plaintiffs claim that they have incurred $23,000 in expenses as a result of Defendant's failure to make a 30(b)(6) corporate representative available for deposition. Specifically, Plaintiffs state that they spent 30 hours preparing

the instant motion at a rate of $350.00 per hour for a total cost of $10,500. (Stock Decl. ¶ 21.) Plaintiffs also state that their trial attorney, whose rate of compensation is $500.00 per hour, spent 25 hours meeting and conferring with Defendant's counsel and preparing for a deposition that did not occur for a total sum of $12,500. (Id.)

General Dynamics responds that an award of expenses is not justified in this case because the company did not violate any court order. Specifically, General Dynamics explains that it could not comply with directives to produce a 30(b)(6) representative prior to February 17, 2015 because there were pending disputes over a protective order that the court had to resolve. Moreover, Defendant notes that, approximately two weeks after the court resolved that dispute, Defendant offered Mr. Heil as a corporate representative.

Even crediting Defendant's concerns about the protective order, the court unambiguously ordered General Dynamics to produce a 30(b)(6) representative on February 27, 2015. (Dkt. 693.) While Defendant produced Mr. Heil in response to that order, Defendant's objections to allow Mr. Heil to state he was General Dynamics' 30(b)(6) representative prevented Plaintiffs from conducting a meaningful deposition. Moreover, Defendant has not demonstrated that it was substantially justified in making its objections. Accordingly the court finds that an award of expenses is justified under Rule 37. See Lew, 754 F.2d at 1420 (noting that attorneys' fees and costs can be awarded when the other party fails to appear for deposition, as well as when the party appears but fails to

answer any questions) (citing <u>Weigel v. Shapiro</u>, 608 F.2d 268, 272 (7th Cir. 1979)).

    Turning to the specific expenses requested by Plaintiffs, the court finds that the rates requested are reasonable. The court further finds that the full 30 hours spent on preparing this motion were reasonably expended given the lengthy procedural history that had to be catalogued. Accordingly, the court finds the request for $10,500 in connection with filing the instant motion reasonable. Further, the court finds that Plaintiffs' counsel reasonably expended 25 hours preparing for the deposition of Defendant's 30(b)(6) representative given the lengthy history of this litigation and the complexity of the record. <u>See, e.g.</u>, <u>Compass Bank v. Morris Cerullo World Evangelism</u>, No. 13-CV-0654-BAS WVG, 2015 WL 3442030, at *9 (S.D. Cal. May 28, 2015) (awarding fees for time spent preparing for a deposition where deponent did not appear). However, because Plaintiffs' counsel would have had to prepare for this deposition regardless of Defendant's conduct, and will not need to duplicate the entirety of their prior effort in preparing for the newly-ordered deposition, the court finds that it would be unjust to award Plaintiffs the full preparation expenses they request. Instead, the court will award Plaintiffs' counsel eight hours of preparation expenses, which amounts to $4,000.

**III. CONCLUSION**

    For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Terminating Sanctions in part. Defendant General Dynamics shall make available Mr. Bradford Heil or another appropriate 30(b)(6) corporate representative qualified to testify on behalf of General Dynamics within fourteen days of this Order. Defendant General

Dynamics shall also pay the expenses associated with this motion in the amount of $14,500 within fourteen days.

IT IS SO ORDERED.

Dated: October 24, 2016

DEAN D. PREGERSON
United States District Judge