O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA LUND, individually and as successor-in-interest to WILLIAM LUND, deceased; DAVID LUND, an individual; and SHEILA LUND, an individual, as legal heirs of WILLIAM LUND, Deceased,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br><br>　　　　Defendants. | Case No. CV 13-02776 DDP (VBKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ISSUE SANCTIONS OR, IN THE ALTERNATIVE, AN ADVERSE INFERENCE INSTRUCTION FOR SPOLIATION OF EVIDENCE**<br><br>[Dkt. 857] |

　　Presently before the court is Plaintiffs Victoria Lund, individually and as successor-in-interest to William Lund, deceased, David Lund, and Shelia Lund's Motion for Issue Sanctions, or, in the alternative, an Adverse Inference Instruction Against Electric Boat Corporation for Spoliation of Evidence. (Dkt. 857.) Having reviewed the parties' arguments, the court DENIES the Motion and adopts the following Order.

The court has detailed the relevant background of this case in several prior Orders and assumes the parties' familiarity with the facts. (See Dkts. 845, 864.) In brief, the heirs of William Lund bring this action to recover for the injuries and eventual death of Mr. Lund, allegedly caused by exposure to asbestos in the course of his employment as a Navy machinist mate responsible for servicing warships. Of particular relevance to the present motion is Plaintiffs' allegation that Mr. Lund was exposed to asbestos between 1962 and 1965 while working on certain warships that were being constructed at the shipyards of the Electric Boat Division of the General Dynamics Corporation. Accordingly, Plaintiffs sought certain materials from Electric Boat related to the company's knowledge and historical use of asbestos during discovery. (Parker Decl., Ex. F.)

Several months after fact discovery closed, Plaintiffs brought a sanctions motion contending that Electric Boat had spoliated four categories of evidence: 1) historical asbestos insulation dust studies conducted by Electric Boat; 2) material safety data sheets (MSDS) provided by manufacturers, which profile a product's chemical composition; 3) certain deposition transcripts from cases in which Electric Boat was a party or its employees testified; 4) certain deposition exhibits associated with the depositions. (Dkt. 788 at 1.) The district court judge handling the case for pre-trial purposes denied that motion but stated that "[t]he issue of drawing an adverse inference from alleged spoliation of
evidence is referred to the judge who will actually try
the case." (Dkt. 829.) On that basis, Plaintiffs have refiled their sanctions motion before this Court arguing that Electric Boat's

alleged spoliation of evidence will limit Plaintiffs' ability to prove causation. As a remedy, Plaintiffs seek a ruling that they have met the causation element of their claim against Electric Boat, or, in the alternative, an adverse jury instruction. (Mot. Issue Sanctions ("Mot.") 2.)

Spoliation, "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). "A district court may, under its inherent power to control litigation, levy sanctions for the spoliation of evidence." Peschel v. City of Missoula, 664 F. Supp. 2d 1137, 1141 (D. Mont. 2009), citing Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). "Sanctions may be levied, however, only when a party knew, or reasonably should have known, that the spoliated evidence was potentially relevant to a claim." Peschel, 664 F. Supp. 2d at 1141, citing Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993). Bad faith is not required to impose sanctions for the spoliation of evidence. Id. However, the imposition of more severe sanctions, such as dismissal or default judgment, require a finding of "willfulness, fault, or bad faith." Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006).

Having reviewed the parties' submissions, the court finds that Plaintiffs have not met their burden of demonstrating that Electric Boat has spoliated or withheld any relevant evidence. With regards to each category, Plaintiffs have failed to demonstrate that Electric Boat has either destroyed relevant evidence or violated

its duty to preserve documents that might be relevant in reasonably foreseeable litigation.

The first category of documents at issue are asbestos insulation dust studies. According to Plaintiffs, Electric Boat has conducted dust surveys since 1968 and kept records of air monitoring studies since 1971 or 1972. (Mot. 9.) Defendant acknowledges keeping these records beginning in 1971 or 1972 but notes that it "has no air monitoring test during the decedent's tenure at Electric Boat." (Opp'n 10.) In this same filing, Defendant also states that Plaintiffs were allowed to designate new experts after the close of discovery who relied on "industrial hygiene documents, such as the insulation dust studies performed by Electric Boat during the time period Plaintiffs claim exposure to asbestos at Electric Boat (1962 or 1965)." (Opp'n 2.) Plaintiffs contend that these two statements are in conflict and give rise to an inference that Electric Boat has destroyed or withheld responsive documents. This inference is unwarranted. It is both possible that Electric Boat has no <u>air monitoring tests</u> from the relevant period but has nonetheless turned over any documents in its possession related to <u>dust studies</u> conducted between 1962 and 1965. If, on the other hand, these are interchangeable terms, which describe the same evidence, then Electric Boat has mitigated any deficiency in time for Plaintiffs to utilize the evidence in preparing its expert reports. Without more, the court cannot conclude that the record here justifies sanctions. Moreover, if Plaintiffs believe that there was additional undisclosed evidence, it should have flied a timely motion to compel rather than seek relief with this sanctions motion.

4

The arguments regarding the second category of evidence, the MSDS, suffers from a similar defect. Plaintiffs seek MSDS that Electric Boat received from manufacturers, which detail the chemical composition of products used in constructing the warships at issue. (Mot. 8.) Both parties agree that Electric Boat only began receiving these MSDS in 1970 or 1971. (<u>Compare</u> Mot. 8 <u>with</u> Opp'n 8.) Defendants explain that, while they continue to possess certain MSDS post-dating 1970, they did not submit these documents in discovery because they were not within the scope of discovery. (Opp'n 8-9.) Here, again, Plaintiffs note a contradiction between this representation and the representation in Electric Boat's opposition to the prior sanctions motion where Electric Boat states "There is nothing . . . implying that Electric Boat would maintain every single MSDS sheet received from 1971 forward to 2015, some 40 years later." (Dkt. 791 at 9.) Whether or not the relevant MSDS were within the scope of discovery, the proper course of action for Plaintiffs would have been to file a motion to compel production. Perhaps if Electric Boat had represented to Plaintiffs that they did not possess these documents in response to a discovery request, there might be a colorable argument that Plaintiffs could not have been expected to attempt to compel production. But Plaintiffs submit no such evidence here. Rather, they attempt to rely on a representation made months after the close of discovery, which cannot explain their failure to timely compel production. Moreover, there is no evidence to support the conclusion that Plaintiffs spoliated relevant evidence or to justify the sanctions Plaintiffs now seek.

5

     Finally, Plaintiffs have not met their burden of showing that Electric Boat spoliated certain deposition transcripts and associated deposition exhibits. According to Plaintiffs, Electric Boat submitted ten depositions from past asbestos personal injury cases involving Electric Boat. (Mot. 5.) Through their own research, Plaintiffs found thirty-three additional depositions of Electric Boat's "former employees and other witnesses" in asbestos personal injury cases. (Id.) Moreover, Plaintiffs note certain exhibits are missing from the ten depositions submitted by Electric Boat, which Plaintiffs believe are relevant tp proving Electric Boat's liability in this case. (Id.)

     Defendants respond that they have submitted all relevant deposition transcripts in their possession, including some of the exhibits which Plaintiffs contend are missing. (Opp'n 5-8.) Moreover, Defendants contend that Plaintiffs have submitted no authority for the proposition that Electric Boat is required to keep a record of all depositions where its "former employees and other persons" have given testimony regarding asbestos nor any evidence that the additional depositions uncovered by Plaintiffs were in Electric Boat's possession. This is particularly relevant given that Plaintiffs are seeking transcripts prepared for litigation that took place decades ago. Defendants also argue that Plaintiffs have suffered no prejudice because its expert witnesses have had access to the allegedly spoliated transcripts for the past two years and have relied on them in developing their expert conclusions that Electric Boat caused Mr. Lund's injuries. (Opp'n 12.) Given that Plaintiffs cannot demonstrate that Electric Boat had control over the allegedly spoliated deposition transcripts and

6

exhibits sought, much less a duty to preserve them, the court DENIES Plaintiff's Motion for Sanctions.

IT IS SO ORDERED.

Dated: October 24, 2016

DEAN D. PREGERSON
United States District Judge